UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA,

              - against -                **MEMORANDUM & ORDER**

RICARDO LOPEZ,               06 CR 177-3 (RJD) &
              10 CR 1019-2 (RJD)
              Defendant.
------------------------------------------------------- x

DEARIE, District Judge

       On October 31, 2006, defendant Ricardo Lopez pled guilty before this Court to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii)(II). On September 7, 2011, Mr. Lopez pled guilty before Magistrate Judge Joan M. Azrack to conspiracy to import more than one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), 960(b)(1)(B)(ii). At sentencing on March 28, 2012, the Court calculated Mr. Lopez's total offense level as 32, and at a criminal history category I, the corresponding Sentencing Guidelines range was 121 to 151 months. The Court departed from the guidelines and, consistent with 18 U.S.C. § 3147 and U.S.S.G. § 3C1.3, sentenced Mr. Lopez to consecutive incarceratory sentences of 63 months under Docket No. 06-CR-177 and 34 months under Docket No. 10-CR-1019, for a total sentence of 97 months.

       Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those

sentenced before its effective date. Amendment 782 generally reduces the offense levels for drug offenses by two levels.

Mr. Lopez filed a motion to appoint counsel for the purpose of drafting a motion for a sentence reduction pursuant to Amendment 782 on November 19, 2014. The Court denied the motion but deemed defendant's motion for a sentence reduction filed. The Probation Department made a submission to the Court and the parties. The Government responded on March 9, 2015, arguing that Mr. Lopez is not eligible for a sentencing reduction.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must engage in a 'two-step approach.'" United States v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). At step one, the court "must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013). Importantly, "the 'amended guidelines range' . . . had the relevant amendments been in effect[] does not incorporate any departure a court previously granted." United States v. Montanez, 717 F.3d 287, 292 (2d Cir. 2013). The amended Sentencing Guidelines range must be lower than the range that was applied at sentencing in order for a defendant to be eligible for a reduction. See Dillon, 560 U.S. at 822 (quoting U.S.S.G. § 1B1.10(b)(2)(A)) ("[Section] 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2)

from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'").[1]

"If, and only if, a defendant is eligible for a reduction in sentence . . . then the second step of the analytical framework . . . requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 560 U.S. at 827). A retroactive amendment to the Guidelines "merely authorizes a reduction in sentence; it does not require one." United States v. Rivera, 662 F.3d 166, 170 (2d Cir. 2011).

Applying this two-step approach, Mr. Lopez is not eligible for a sentence reduction under Amendments 782 and 788. Had Amendment 782 been in effect at the time of Mr. Lopez's sentencing, his total offense level would have been 30 instead of 32, and the Sentencing Guidelines range for his sentence would have been 97 to 121 months instead of 121 to 151 months. The Court downwardly departed from the then-governing Sentencing Guidelines range, and sentenced Mr. Lopez to consecutive sentences of 63 and 34 months—97 months in total—which is a term at the bottom of the Sentencing Guidelines range that is now in effect. Because the amended Sentencing Guidelines range is not lower than Mr. Lopez's sentence, section 1B1.10(b)(2)(A) forecloses the Court from further reducing his sentence. See Dillon, 560 U.S. at 822; United States v. Karkenny, No. 06-CR-143 (JGK), 2015 WL 161616, at *1 (S.D.N.Y. Jan. 13, 2015) (because the court imposed two consecutive sentences, pursuant to 18 U.S.C. § 3147, that together were "below the amended range, the defendant is not eligible for a reduction of his

---

[1] The only exception to this rule permitting the Court to reduce a defendant's sentence further is if the government has made a motion under § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b) reflecting the defendant's substantial assistance to the authorities. See U.S.S.G. § 1B1.10(2)(b) & cmt. n. 3. No such motion has been made by the Government in this case.

3

sentence"); United States v. Almanzar, No. 12-CR-767-01 (CM), 2015 WL 1005837, at *1 (S.D.N.Y. Mar. 5, 2015) ("Since [defendant] was sentenced to an imprisonment term . . . below the amended range, he is ineligible for a further reduction" under Amendment 782).

For the reasons stated above, Mr. Lopez's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2015

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge